UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HOME BUILDERS ASSOCIATION OF
NORTHERN CALIFORNIA, et al.,

        NO. CIV. S-05-629 LKK/GGH

    Plaintiffs,

  v.                                    <u>O R D E R</u>

UNITED STATES FISH AND WILDLIFE
SERVICE, et al.,

    Defendants.
_____/
DEFENDERS OF THE WILDLIFE, et al.,

    Intervenors.
_____/

    The City of Suisun seeks to intervene as plaintiffs in the suit filed by Home Builders Association of Northern California, Building Industry Legal Defense Foundation, California Building Industry Association, California State Grange and Greenhorn Grange (hereinafter Home Builders) against the United States Fish and Wildlife Service (FWS) with Defenders of Wildlife, Butte

1

Environmental Council and the California Native Plant Society participating as defendant-intervenors. The current Home Builder's complaint alleges that the FWS violated the Endangered Species Act and the National Environmental Policy Act when it designated critical habitat for fifteen different species.

A portion of the land that has been designated as critical habitat, 88.4 acres, is inside of the "sphere of influence"[1] of the City of Suisun and is part of a four hundred plus acre area that is the subject of a "major mixed-use development effort the City has long contemplated in its General Plan." Suisun's Br. at 2. The City claims that it has planned for the development of the property for over a decade and has plans to annex the property into the City and to zone it for development. Id.

The City has submitted a complaint which is nearly identical to that filed by the Home Builders, it raises the same legal and factual issues. The Home Builders and the FWS have filed statements of non-opposition, and the environmental defendant-intervenors are opposing the motion.

The City seeks intervention both as a matter of right under Rule 24(a) and/or by permissive intervention under Rule 24(b)(2). The environmental defendant-intervenors oppose on two grounds.

////

---

[1] The sphere of influence is defined as "a plan for the probable physical boundaries and service area of a local agency" as determined by the Local Agency Formation Commission (LAFCO). Cal. Gov't Code § 56076. LAFCO can recommend government reorganizations using the spheres of influence as the basis for those recommendations. Cal. Gov't Code § 56425.

First, they claim that the City has not properly claimed "an interest in the subject matter of the litigation that will be impaired absent intervention." Defs.' Opp'n at 2-3. They argue that the City has not show "how the designation of critical habitat will harm or impair the City's stated interest." Id. at 3. They also ask that if the court allows intervention that the intervention be limited to the issues raised in Home Builder's case, and not all the issues raised in the related case filed by the Defenders of Wildlife.

**A.  INTERVENTION AS OF RIGHT**

An order granting intervention as of right is appropriate if the party seeking to intervene can demonstrate that (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998); County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir. 1986), cert. denied, 480 U.S. 946 (1987). The City "bears the burden of showing that all the requirements for intervention have been met." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004).

The court has reviewed the above factors and determined that the City has failed to meet its burden of demonstrating that they have a "significant protectable interest" which is sufficient for

Case 2:05-cv-00629-WBS-KJM   Document 58   Filed 03/03/06   Page 4 of 6

intervention by right. The Ninth Circuit has held that it can be shown if the City (1) "asserts an interest that is *protected under some law*, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." Donnelly v. Glickman, 159 F.3d at 409 (emphasis added); Southern California Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir. 2002); United States v. City of Los Angeles, 288 F.3d 391, 398 (9th Cir. 2002). The City has mostly argued that they have an economic interest, which courts have been reluctant to recognize except in clear circumstances. In United States v. Alisal Water Corp., the court held that a "non-speculative, economic interest may be sufficient to support a right of intervention" only when the interest is "concrete and related to the underlying subject matter of the action." 370 F.3d 915, 919-20 (9th Cir. 2004) (citing Arakaki v. Cayetano, 324 F.3d 1078, 1088 (9th Cir. 2003); So. Cal. Edison Co., 307 F.3d at 803; Greene v. United States, 996 F.2d at 976); see also Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 819 (9th Cir. 2001) (Noting that previous decisions had rejected economic interests which were "based upon a bare expectation" as "cognizable for intervention."); Southern California Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir. 2002) (finding that the applicants were "claiming a right to intervene based on a contingent, unsecured claim against a third-party debtor" and this fell "far short of the direct, non-contingent, substantial and legally protectable interest required for intervention as a matter of right."); Sierra Club, 995 F.2d at

4

1485. They have also not identified why or how those interests are protectable. See Forest Conservation Council v. U.S. Forest Service, 66 F.3d 1489, 1497 (9th Cir. 1995); but see Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States, 921 F.2d 924 (9th Cir. 1990).

Despite the failure to prove intervention by right, the court is persuaded that permissive intervention is appropriate with one limitation. Rule 24(b)(2) allows for permissive intervention if intervention by right is not appropriate. "Unlike Rule 24(a), a 'significant protectable interest' is not required by Rule 24(b) for intervention; all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'" Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002). In this case the City has filed a nearly identical complaint which alleges all the same claims and arguments, and the jurisdictional bases would be the same.[2]

It is appropriate, however, to restrict the involvement of the City to those issues raised in the case that they are seeking to intervene in and to those issues which are related to the interests which the City has asserted. Namely, the City shall be restricted to raising arguments which relate to the issues concerning the

---

[2] The bases are as follows: 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1346(a)(2) (civil action against the United States); 28 U.S.C. § 2201 (authorizing declaratory relief); 28 U.S.C. § 2202 (authorizing injunctive relief); 16 U.S.C. § 1540(c) & (g) (actions arising under the Endangered Species Act); and 5 U.S.C. § 701-706 (judicial review of agency action).

1  species which are on the 88-acre parcel of land that is within the
2  sphere of influence and the area designated as critical habitat.
3  <u>Forest Conservation Council v. U.S. Forest Service</u>, 66 F.3d 1489,
4  1495-96 (9th Cir. 1995).
5      The motion to intervene is GRANTED with the limitations
6  expressed above.
7      IT IS SO ORDERED.
8      DATED:  March 3, 2006.

9                              /s/Lawrence K. Karlton
                               LAWRENCE K. KARLTON
10                             SENIOR JUDGE
                               UNITED STATES DISTRICT COURT

6