1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   HOME BUILDERS ASSOCIATION OF
     NORTHERN CALIFORNIA, et al.,
12                                          NO. CIV. S-05-629 LKK/GGH

13           Plaintiffs,

14      v.                                       O R D E R

15   UNITED STATES FISH AND WILDLIFE
     SERVICE, et al.,
16
             Defendants.
17   _____/

18   DEFENDERS OF THE WILDLIFE, et al.,

19           Intervenors.
     _____/
20

21        Placer Ranch, Inc. ("Placer Ranch") seeks to intervene

22   pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, pursuant

23   to Fed. R. Civ. P. 24(b).  Placer Ranch owns a 2,213-acre parcel

24   in Western Placer County, which is the site of a proposed mixed-use

25   development.

26   ////

                                   1

1    The underlying action involves claims brought by Butte
2  Environmental Council, et al. ("environmental groups" or
3  "plaintiffs") under the Endangered Species Act, 16 U.S.C. §§ 1531-
4  1544 ("ESA"), and the Administrative Procedure Act,  5 U.S.C.
5  § 706(2)(A) ("APA"), against Gale Norton, the Secretary of the
6  Interior, and the United States Fish and Wildlife Service
7  (collectively, "FWS.").[1]  Plaintiffs challenge an FWS final rule
8  designating critical habitat for fifteen vernal pool species in
9  California and Southern Oregon, including the vernal pool fairy
10 shrimp.   In August 2003, FWS' final rule designated all 2,213
11 acres of the Placer Ranch property as critical habitat for the
12 fifteen vernal pool series.  68 Fed. Reg. 46684 (2003)("August 2003
13 final rule").  The August 2003 final rule was remanded, in part,
14 by an order of this court dated October 28, 2004.[2]

15    On August 11, 2005, the Service issued a revised final rule
16 designating critical habitat for the vernal pool species.  70 Fed.
17 Reg. 46924(2005)("August 2005 final rule").  The August 2005 final
18 rule excluded the Placer Ranch property from the critical habitat
19 designation along with the rest of the Census Tract 06061021301
20 "based on economic impacts."  Id. at 46931.  Plaintiffs now
21 challenge the August 2005 final rule on several accounts, including

22 _____

23    [1]  Plaintiffs include Butte Environmental Council, Defenders
   of Wildlife, California Native Plant Society, San Joaquin Raptor
24 and Wildlife Rescue Center, Sierra Foothills Audubon Society, and
   Vernalpools.org.
25
26    [2]  See Butte Envtl. Council v. Norton, Civ. No. S-04-0096
   (E.D. Cal. Oct. 29, 2004)(Shubb, J.).

2

1 the "economic impacts" analysis upon which FWS relied on to exclude

2 the Placer Ranch property and other properties from critical

3 habitat designation.[3]   Plaintiffs seek, <u>inter alia</u>, an order

4 declaring that defendants have violated the two aforementioned

5 statutes and directing defendants to issue a revised and lawful

6 critical habitat designation for the fifteen vernal pool species.

7 Compl. at 17.

8     Placer Ranch seeks to intervene in Civ. No. S-05-0524 LKK/PAN

9 and does not plan to take a position with respect to the issues

10 raised by the other parties in <u>Home Builders Association of</u>

11 <u>Northern California</u>, which was consolidated with the aforementioned

12 case on January 13, 2006.[4]   Mot. to Intervene at 1.   Plaintiffs

13 Butte Environmental Council, et al., oppose this motion, contending

14 ───────────────

15     [3] Specifically, plaintiffs allege that FWS unlawfully relied
upon an inadequate analysis of economic impacts that overestimated
16 potential costs of designation, as well as underestimated and
disregarded potential benefits of designation, to exclude 23 census
17 tract areas.  Compl. at 2.  Plaintiffs aver that FWS unlawfully
excluded many areas - including National Monuments, National
18 Wildlife Refuges, and lands overlapping with habitat conservation
plans - based on inadequate existing protections.  <u>Id</u>.   Finally,
19 plaintiffs contend that FWS failed to provide public notice and to
follow comment procedures for critical habitat exclusion.  <u>Id</u>. at
20 15-16.

21     [4] <u>Home Builders Assoc. of Northern California, et al. v. FWS,</u>
<u>et al.</u>, Civ. No. S-05-0629 LKK/GGH, the lead case, involves a
22 challenge to the Service's same final rules designating critical
habitat for the vernal pool species.  Whereas Home Builders Assoc.
23 of Northern California and other building industry entities are
challenging various aspects of the critical habitat designation
24 which they argue is overinclusive, Placer Ranch seeks to intervene
in <u>Butte Environmental Council, et al.</u>, Civ. No. S-05-2524-LKK/JFM,
25 to defend the exclusion of its property from the critical habitat
designation.  In other words, Placer Ranch seeks to defend the
26 status quo.

1   that Placer Ranch failed to intervene in a timely manner.[5]  Opp'n

2   at 2.  I decide the matter based on the pleadings and the parties'

3   papers without oral argument.[6]

4                               **II.**

5                            **ANALYSIS**

6        Placer Ranch seeks to intervene as of right under Fed. R. Civ.

7   P. 24(a).  Below, I explain why Placer Ranch's motion must be

8   granted.

9   **A.   INTERVENTION AS A MATTER OF RIGHT**

10       An order granting intervention as of right is appropriate if

11  "(1) the applicant's motion is timely; (2) the applicant has

12  asserted an interest relating to the property or transaction which

13  is the subject of the action; (3) the applicant is so situated that

14  without intervention the disposition may, as a practical matter,

15  impair or impede its ability to protect that interest; and (4) the

16  _____

17       [5]  Statements of non-opposition have been filed by the City
    of Suisun, federal defendants, and plaintiffs Home Builders
18  Association of Northern California, et al.

19       [6]  Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  Local Rule
20  78-230(h).  Further, the court notes that although this motion was
    noticed to be heard on the court's June 12, 2006 Law and Motion
21  calendar, the court resolves it in an expedited fashion because on
    May 11, 2006, plaintiffs Butte Environmental Council et al.
22  ("environmental groups") wrote the court to request the court to
    act expeditiously in granting or denying the motion to intervene
23  because proposed intervenor, Placer Ranch, filed an opposition to
    plaintiffs' brief as proposed intervenors on May 5, 2006.  The
24  environmental groups noted that "absent an early decision,
    environmental groups will have to research and brief arguments that
25  may ultimately be untimely."  The court resolves the motion after
    receipt of Placer County's reply brief, which was not filed until
26  after May 16, 2006.

                                   4

applicant's interest is not adequately represented by the existing

parties." County of Orange v. Air California, 799 F.2d 535, 537

(9th Cir. 1986), cert. denied, 480 U.S. 946 (1987).

The Ninth Circuit has held, often in the context of

environmental disputes, that "Rule 24 is broadly construed in favor

of intervention." United States v. Washington, 86 F.3d 1499, 1503

(9th Cir. 1996); Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir.

1998)("In determining whether intervention is appropriate, we are

guided primarily by practical and equitable considerations.  We

generally interpret the requirements broadly in favor of

intervention.")  Courts are to "take all well-pleaded nonconclusory

allegations in the motion to intervene, proposed complaint or

answer in intervention, and declarations supporting the motion as

true absent sham, frivolity or other objections." Southwest Center

for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir.

2001).

The test for intervention should be applied with an eye on

practical consideration.  United States v. Stringfellow, 783 F.2d

821, 826 (9th Cir. 1986)(citing Fed. R. Civ. P. 24(a)(2) advisory

note 9)("if an [applicant] would be substantially affected in a

practical sense by the determination made in an action, [the

applicant] should, as a general rule, be entitled to

intervene . . . .")).

### 1. **Timeliness**

Placer Ranch argues that it has moved to intervene in a timely

fashion.  The only opposition to this motion is filed by Butte

1    Environmental Council, et al., ("environmental groups) and the only
2    argument raised by the environmental groups is that Placer Ranch's
3    motion is untimely.  I cannot agree.

4         Timeliness is measured by reference to "(1) the stage of the
5    proceeding at which an applicant seeks to intervene, (2) the
6    prejudice to other parties; and (3) the reason for the length of
7    the delay." County of Orange v. Air Calif., 799 F.2d 535, 537 (9th
8    Cir. 1986); United States v. Carpenter, 298 F.2d 1122, 1125 (9th
9    Cir. 2002).[7] "Timeliness is a flexible concept; its determination
10   is left to the district court's discretion." United States v.
11   Alisal Water Corp., 370 F.3d 915, 921 (9th Cir. 2004)(citation
12   omitted).

13        The environmental groups contend that Placer Ranch did not
14   intervene in a timely fashion because the suit is at "an advanced
15   stage." Opp'n at 2.  They point out that Home Builders, the lead
16   case, was filed over a year ago, and that the instant suit was
17   filed five months ago.  They also note that the court has issued
18   several orders, including an order consolidating the cases, an
19   order setting the summary judgment briefing schedule, and that the
20   briefing has already began about a month ago.  Id.  Finally, the
21   environmental groups contend that they would be prejudiced if
22   Placer Ranch's motion is granted because they would have to address
23   new legal arguments not raised by federal defendants.

24   _____

25        [7]  The Ninth Circuit reviews for abuse of discretion a
     district court's determination that an application for intervention
26   is untimely.  United States v. Carpenter, 298 F.2d 1122, 1124 (9th
     Cir. 2002).

1    In considering the three factors set forth by the Ninth
2  Circuit, first, the motion is filed at an early stage in the
3  proceedings.  Although the court has issued several orders in this
4  case, the case is not at an "advanced stage" because no orders
5  have been issued with regard to the merits.  Ninth Circuit
6  authority supports the court's conclusion that intervention should
7  not be denied based on this argument.  <u>See</u>, <u>e.g.</u>, <u>County of Orange</u>
8  <u>v. Air Calif</u>., 799 F.2d at 538 (filing a motion after the parties
9  had come to an agreement following five years of litigation weighs
10 heavily against intervention); <u>Calif. Dept. of Toxic Substances</u>
11 <u>Control</u>, 309 F.3d 1113, 1119 (9th Cir. 2002)(intervention not
12 appropriate where the parties have settled and more than six years
13 after litigation commenced); <u>United States v. State of Oregon</u>, 913
14 F.2d 576, 588-89 (9th Cir. 1990)(district court did not abuse its
15 discretion by denying intervention when intervention was sought
16 after settlement involving a compromise following four years of
17 negotiation).  Because Placer Ranch moved to intervene less than
18 five months after the environmental groups filed their complaint,
19 and because no substantive orders have been issued, the court holds
20 that the motion was filed at an early stage of the proceedings.

21    Secondly, the environmental groups' argument that they would
22 be prejudiced by Placer Ranch's intervention is without merit.  The
23 environmental groups maintain that they would be prejudiced because
24 they would have to address new arguments and had a "mere three
25 weeks to respond to these arguments."  They argue that intervention
26 should be denied because Placer Ranch has raised issues which are

1   "well beyond the scope of claims and defenses raised by existing

2   parties."  Opp'n at 3.  The type of prejudice cited by the

3   environmental groups does not rise to the level which the Ninth

4   Circuit has found to be enough to preclude intervention.  In most

5   cases, the Ninth Circuit has found prejudice where the passage of

6   time weighs against intervention because the court has resolved a

7   number of issues on the merits.  See supra at 7.  As discussed

8   above, the passage of time does not weigh against intervention.

9   Further, based on the court's examination of Placer Ranch's

10  opposition brief, it does not appear that it has raised "new issues

11  or matters" that are well beyond the scope of claims and defenses

12  raised by the existing parties.  As Placer Ranch points out, they

13  make the same fundamental arguments as those made by federal

14  defendants.  That is, that FWS acted lawfully to exclude Placer

15  Ranch and other properties from the critical habitat designation

16  for the vernal pool species.[8]  Finally, the court is tasked with

17  considering the reason for the delay.  The court notes that

18  although Placer Ranch has not presented a reason for not moving to

19  intervene sooner, the court concludes that it was reasonable for

20  Placer Ranch not to be aware of the litigation until March 2006,

21  three months after this suit was filed, and that it was also

22  reasonable not to file the motion to intervene until May 5, 2006.

23  ////

24

25      [8]  Indeed, the court concludes that three weeks is more than
    sufficient time to respond to Placer Ranch's thirty-five page
26  brief.

8

1     For all the reasons stated above, the court concludes that

2  Placer Ranch filed their motion to intervene in a timely fashion.

3     **2.**  **The Interests of the Intervenors**

4     Placer Ranch argues, and no party disputes, that it has

5  protectible interests in this litigation.  The Ninth Circuit has

6  held that a "non-speculative, economic interest may be sufficient

7  to support a right of intervention" when the interest is "concrete

8  and related to the underlying subject matter of the action."

9  United States v. Alisal Water Corp., 370 F.3d 915, 919-920 (9th

10  Cir. 2004)(citation omitted).  "It is generally enough that the

11  interest is protectible under some law, and that there is a

12  relationship between the legally protected interest and the claims

13  at issue."  Sierra Club v. U.S. E.P.A., 995 F.2d 1478, 1484 (9th

14  Cir. 1993).  Economic interests cannot be "based upon a bare

15  expectation."  Southwest Center for Biological Diversity v. Berg,

16  268 F.3d 810, 819 (9th Cir. 2001).

17     First, Placer Ranch has an interest that is protectible under

18  the law.  Placer Ranch owns 2,213 acres of property in fee simple,

19  which was originally designated as critical habit in August 2003.

20  Rights in real property are undoubtedly protected by both federal,

21  state, and local laws, as well as under the common law.  Secondly,

22  there is a relationship between the legally protected interest and

23  the causes of action alleged by plaintiffs.  In the case of Placer

24  Ranch, it was ultimately excluded from the designation based on the

25  economic analysis impact published on June 30, 2005 and on

26  subsequent public comment.  The environmental groups allege that

9

1   FWS "unlawfully relied upon inadequate analysis of economic impacts
2   that overestimated potential costs of designation as well as
3   underestimated and disregarded potential benefits of
4   designation . . . ."  Compl. at 2.  Thus, as Placer Ranch notes,
5   the environmental groups seek to have the basis for exclusion of
6   the Ranch "declared invalid and to have the Ranch designated as
7   critical habitat for the vernal pool fairy shrimp."

8       I conclude that Placer Ranch has a cognizable interest
9   sufficient to support intervention.

10      **3.   <u>Impairment of the Interests of the Applicants</u>**

11      To meet the impairment prong, applicants need only
12  demonstrate that "disposition of the lawsuit may adversely affect
13  the applicant's interest if intervention is not granted."  <u>United
14  States v. State of Washington</u>, 86 F.3d 1499, 1503 (9th Cir. 1996).
15  Rule 24(a)'s "impairment" requirement addresses whether, as a
16  practical matter, a denial of intervention would impede a
17  prospective intervenor's ability to protect its interests in the
18  subject of the action.  As the Advisory Committee Notes for the
19  1966 amendments to Rule 24(a) explain, "[i]f an absentee would be
20  substantially affected in a practical sense by the determination
21  made in an action, he should, as a general rule, be entitled to
22  intervene."  Fed. R. Civ. P. 24 Advisory Committee's Note to 1966
23  Amendments.

24      Placer Ranch states that disposition of this case would impair
25  or impede its interests.  Mot. to Intervene at 11.  Indeed, if
26  plaintiffs succeed, and the court declares that defendants are in

1   violation of ESA and the APA, it seems clear that Placer Ranch

2   would be affected "in a practical sense" as the designation of

3   critical habitat would affect the permissible uses of its 2,213

4   acres of property.  Further, as the court explained in its order

5   granting intervention to Tsakopoulos in the lead case, this court's

6   resolution of the validity of the FWS critical habitat designation

7   would have some preclusive effect on later challenges to that same

8   FWS designation.  Issue preclusion and stare decisis have been held

9   to prevent an applicant from being able to protect its interests.

10  United States v. Stringfellow, 783 F.2d 821, 826 (9th Cir. 1986),

11  vacated on other grounds sub nom Stringfellow v. Concerned

12  Neighbors in Action, 480 U.S. 370 (1987).

13      In sum, proposed intervenors have significant interests that

14  are at stake in this litigaiton.

15      **4.   Adequacy of Representation**

16      The final factor asks whether the interest of the party

17  seeking to intervene are adequately represented by other parties.

18  The factors governing whether existing parties represent

19  intervenor's interests include "(1) whether the interest of a

20  present party is such that it will undoubtedly make all the

21  intervenor's arguments; (2) whether the present party is capable

22  and willing to make such arguments; and (3) whether the would-be

23  intervenor would offer any necessary elements to the proceedings

24  that other parties would neglect."  Northwest Forest Resources

25  Council v. Glickman, 82 F.3d 825, 838 (9th Cir. 1996).

26  ////

1    An applicant for intervention has the burden to demonstrate

2 that its interests may not be adequately represented by the

3 existing parties to the suit." <u>Blake v. Pallan</u>, 554 F.2d 947, 954

4 (9th Cir. 1977); <u>Sagebrush Rebellion, Inc. v. Watt</u>, 713 F.2d 525,

5 528 (9th Cir. 1983).  The Supreme Court has explained that this

6 burden is "minimal."  <u>Trbovich v. United Mine Workers</u>, 404 U.S.

7 528, 538 n. 10 (1972).  "[T]he Rule is satisfied if the applicant

8 shows that the representation of his interest 'may be' inadequate."

9 <u>Id</u>.  Placer Ranch meets this test.

10    First, the building industry entities that are already parties

11 to this litigation (they are plaintiffs in the lead case),

12 including Home Builders Association of Northern California,

13 challenge various aspects of the critical habitat designation.

14 Unlike those building industry entities, Placer Ranch seeks to

15 intervene to *defend* the exclusion of its property from designation

16 and seeks to maintain the status quo.

17    Placer Ranch rightly notes that the parties who most closely

18 come to representing its interests are the federal defendants, who

19 are also seeking to defend the status quo.  It is true that there

20 is an assumption of adequacy when the government is acting on

21 behalf of a constituency that it represents.  <u>United States v. City</u>

22 <u>of Los Angeles</u>, 288 F.3d 391 (9th Cir. 2002).  That assumption is

23 inapplicable here.  As Placer Ranch maintains, its interests are

24 not identical to the present defendants, although it shares with

25 the present defendants a desire for continued approval of the

26 present critical habitat designation.  The federal defendants'

1   primary interest must be compliance with federal laws, rather than

2   in protecting Placer Ranch's property interests.  These divergent

3   interests may conceivably lead to litigation strategies on the part

4   of named defendants which will not adequately represent the

5   interests of Placer Ranch.

6       All the above convinces the court that Placer Ranch satisfies

7   the final criterion for intervention.

8                                   **III.**

9                               **CONCLUSION**

10      As the court noted previously in orders related to motions to

11  intervene filed by the City of Suisun and Tsakopoulous, Placer

12  Ranch is restricted to raising arguments which relate to the issues

13  concerning the species on the land that it owns, and that it will

14  not raise any arguments connected with the related case.

15      For the foregoing reasons, Placer Ranch's motion to intervene

16  pursuant to Fed. R. Civ. P. 24(a) is GRANTED with the restrictions

17  noted above.[9]

18      IT IS SO ORDERED.

19      DATED:  May 23, 2006.

20

21                          _____
                            LAWRENCE K. KARLTON
22                          SENIOR JUDGE
                            UNITED STATES DISTRICT COURT
23

24   _____

25      [9]  Because I have determined that Placer Ranch is entitled to
     intervention as a matter of right, it is not necessary to discuss
     whether they are entitled to permissively intervene pursuant to
26   Fed. R. Civ. P. 24(b).

                                    13